LÓPEZ DE VICTORIA, DEMANDANTE Y APELANTE, *v.* CALZADA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre reivindicación y daños y perjuicios.

No. 1718.—Resuelto en mayo 10, 1918.

REIVINDICACIÓN—ANOTACIÓN DE DEMANDA—FINCAS SEGREGADAS DE LA AFECTADA POR LA ANOTACIÓN.—Anotada en el registro una demanda reclamando la entrega de la mitad de una finca, de cuya mitad segregó más tarde el demandado una porción de seis cuerdas que vendió, la porción segregada, no obstante haberse inscrito como finca independiente, continuó dentro del registro sujeta a las resultas de la anotación hecha sobre la referida mitad de la finca, y por tanto, el comprador estaba informado claramente por el registro de aquella reclamación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Eugenio Benítez Castaño* y *E. H. F. Dotin.*

Abogado del apelado: *Sr. José G. Torres.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Elías López de Victoria estableció en la corte de distrito de San Juan, Sección Primera, una demanda sobre reivindicación de fincas rústicas y daños y perjuicios. En ella alegó que era dueño de cierta finca de seis cuerdas, sobre la cual existían varias construcciones; que la adquirió por compra, hallándose su título inscrito en el registro de la propiedad; que el 10 de septiembre de 1915 fué desposeído de ella por el márshal del distrito que actuó en cumplimiento de un mandamiento para la ejecución de la sentencia dictada en cierto pleito en el cual el demandante no fué parte, y que el demandado ha recolectado los frutos de la finca, causando daños al demandante por valor de seiscientos pesos.

El demandado contestó alegando que en la fecha en que el demandante dice que compró la finca, estaba ya anotada en el registro la demanda del demandado contra José Pagán y, además, que el demandante y su vendedor se hallaban presentes cuando el demandado compró a José Pagán la mitad de la finca cuya entrega se le hizo por el márshal.

En el acto del juicio se practicó una amplia prueba documental y testifical y la corte de distrito finalmente dictó sentencia declarando sin lugar las pretensiones del demandante. Y contra esa sentencia interpuso el demandante el presente recurso de apelación.

Tanto el demandante como el demandado tienen títulos de propiedad sobre la finca en cuestión. Se trata, pues, de un conflicto de títulos, y la misión del tribunal consiste en resolver cuál de ellos es el mejor.

A consecuencia de cierto pleito, Frank Antonsanti y su esposa adquirieron la propiedad de una finca rústica situada en Loíza, compuesta de unas noventa cuerdas.

Esa finca estaba poseída en diferentes porciones por varias personas que alegaban ser dueños de ellas. Ante la autoridad de la sentencia tuvieron que rendirse los poseedores y trataron entonces de comprar a Antonsanti. Este no quiso vender sino a uno solo, llegándose finalmente al acuerdo de que el título se otorgara a favor de José Pagán.

No hay conflicto en la prueba con respecto al hecho de que Pagán compró para él y para Calzada. Este hecho no sólo aparece claro de este pleito sino que quedó esclarecido y fijado por otro en el cual se ordenó la entrega a Calzada de la parte de la finca que le correspondía con arreglo a cierto deslinde practicado por un ingeniero. El conflicto de la prueba surge cuando se trata de los derechos de López de Victoria. Hay prueba que sostiene que Calzada estuvo conforme en que se entregaran a Ernesto López de Victoria las seis cuerdas de referencia, que se hallan situadas dentro de la porción de la finca que le corresponde, y hay prueba que sostiene que si bien al principio Ernesto López de Victoria trató de participar en la compra, desistió finalmente de ello, quedando claramente enterado, así como su hijo el demandante Elías López de Victoria, del contrato celebrado entre Pagán y Calzada. El juez sentenciador decidió el conflicto, rectamente, a nuestro juicio, en favor de Calzada. Además cuando Ernesto López de Victoria aparece comprando a Pagán las seis cuerdas y cuando luego las vende a su hijo Elías, ya estaba anotada en el registro la demanda de Calzada reclamando·la entrega de la porción que le correspondía, dentro de la cual, como hemos visto, estaban comprendidas las dichas seis cuerdas.

El apelante en su alegato señala la comisión de diez errores que pueden considerarse en cuatro grupos.

1. Se alega que no constando anotada la demanda de Calzada contra Pagán en la inscripción de la finca de seis cuerdas adquirida por el demandante Elías López de Victoria, erró la corte al concluir que el dicho Elías López de Victoria por el registro tuvo noticia del derecho de Calzada.

La finca que adquirió Pagán para Calzada y para él se inscribió en el registro a nombre de Pagán. Pagán se negó a cumplir lo pactado otorgando a Calzada escritura de venta de la mitad de dicha finca y fué demandado por Calzada.

La demanda de Calzada se anotó en el registro el 30 de septiembre de 1912. Así las cosas, Pagán el 9 de diciembre de 1912, o sea después de la anotación de la demanda de Calzada, segregó de la finca la porción de seis cuerdas de que se trata y las vendió a Ernesto López. La porción segregada se convirtió en finca principal y como tal se inscribió en el registro. Entonces Ernesto López vendió la finca de seis cuerdas a su hijo el demandante Elías y éste inscribió su título también en el registro.

A nuestro juicio es evidente que la porción segregada, no obstante haberse inscrito como finca independiente, continuó dentro del registro sujeta a las resultas de la anotación hecha a favor de Calzada y por tanto que no erró la corte sentenciadora al concluir que no sólo Ernesto López, sino su comprador Elías, estaban informados claramente por el registro de la reclamación de Calzada. Véase la decisión de esta Corte Suprema en el caso de *G. Martínez y Compañía* v. *Roig,* 23 D. P. R. 461, 471.

2. Se alega de igual modo que la corte de distrito erró al apreciar la prueba con respecto al conocimiento que tuvo el demandante fuera del registro del derecho de Calzada. Ya hemos dicho que la evidencia es contradictoria y que el conflicto fué resuelto rectamente a nuestro juicio por la corte sentenciadora en favor del demandado. Y nada más tenemos que agregar.

3. Se sostiene que el título de Calzada es nulo porque fué otorgado por el márshal a nombre de Pagán y no de Pagán y su esposa, como debió haberlo sido ya que Pagán era casado y la finca correspondía no a Pagán exclusivamente sino a la sociedad de gananciales que tenía constituída con su esposa.

En primer lugar no es la esposa de Pagán la que suscita esta cuestión y en segundo lugar si se penetra en el fondo del asunto—como tuvo ocasión de penetrar la corte de distrito que dictó la sentencia en cumplimiento de la cual el

márshal otorgó la escritura a que se refiere el apelante—es necesario concluir que Pagán debía vender a Calzada para cumplir una mera formalidad, pero que Calzada adquirió y pagó su mitad en el momento mismo en que Antonsanti aparece vendiendo a Pagán.   En realidad de verdad Pagán fué simplemente un dueño nominal de la porción de la finca— desde un principio conocida y separada por el mutuo acuerdo de Calzada y Pagán—que correspondía a Calzada y que le fué finalmente entregada por orden de una corte de justicia.

4. Los otros errores referentes a la identificación de la finca y la prueba de los daños y perjuicios, carecen de importancia en atención al juicio que del caso hemos formado y que dejamos expuesto.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.